Filed 11/24/20  P. v. Hess CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEITH MICHAEL HESS,<br><br>Defendant and Appellant. | F080204<br><br>(Super. Ct. No. MF013005A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Chad A. Louie, Judge.

James E. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Smith, J. and Meehan, J.

## STATEMENT OF THE CASE

On June 19, 2018, a complaint was filed, charging Keith Michael Hess (defendant) with unlawful possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1); count 1) and unlawful possession of ammunition (§ 30305, subd. (a)(1); count 2).[2]

On December 11, 2018, defendant was advised of, and waived, his constitutional rights pursuant to *Boykin/Tahl*.[3]  He was advised of the consequences of pleading guilty or no contest to count 1, including that his maximum confinement time was three years, but, pursuant to the plea agreement, he would receive three years' probation and up to 180 days in custody with a referral to the Work Release Program; be subject to certain monetary obligations; and that count 2 and two other pending cases would be dismissed with a *Harvey* waiver.[4]  Counsel stipulated that the offense reports furnished a factual basis for the plea.

Defendant pled no contest to count 1.  The remaining count and other cases were dismissed with a *Harvey* waiver, on condition that the plea remained in full force and effect.  In addition, defendant entered an *Arbuckle* waiver with respect to sentencing.[5]

On February 8, 2019, imposition of sentence was suspended, and defendant was placed on probation on various terms and conditions, including that he spend 180 days in

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

[2]     The remaining four counts of the complaint pertained to a codefendant and are not pertinent to this appeal.

Defendant's possession of a firearm and ammunition were alleged to be unlawful based on his prior felony conviction of a drug offense.  That offense was reduced to a misdemeanor pursuant to section 1170.18, subdivisions (a) and (b), prior to the filing of the instant complaint.  Reduction of the offense did not reinstate defendant's right to possess a firearm or prevent his conviction under section 29800 et seq. (§ 1170.18, subd. (k).)

[3]     *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

[4]     *People v. Harvey* (1979) 25 Cal.3d 754.

[5]     *People v. Arbuckle* (1978) 22 Cal.3d 749.

2.

custody with a referral to the Work Release Program. Defendant was ordered to enroll in that program by February 15, 2019, or report to jail on March 8, 2019. Defendant was also ordered to pay a $40 fee pursuant to section 1465.8, a $30 fee pursuant to Government Code section 70373, a $300 restitution fine pursuant to section 1202.4, subdivision (b), a $300 probation revocation restitution fine (which was suspended subject to probation revocation proceedings) pursuant to section 1202.44; reimburse the county $401 for the cost of preparation of the presentence investigation report; and pay $40 per month for supervision costs. Defendant was awarded a total of four days' time credits, calculated on a two-for-two basis.

On April 12, 2019, probation was revoked after defendant failed to report to the Work Release Program or jail as ordered. On June 6, 2019, defendant was advised of and waived his rights, and admitted the violation of probation on condition that he receive the middle term of two years in prison, to run concurrently with the sentence in another case.[6] Counsel stipulated there was a factual basis for the admission based on the new law violation.

On August 16, 2019, probation was terminated. Defendant was sentenced to state prison for the middle term of two years, to run concurrently with his sentence in another case. He was awarded a total of 137 days of credit, calculated on a two-for-two basis. The monetary obligations previously imposed on February 8, 2019, were reimposed, in addition to which defendant was ordered to pay the previously suspended $300 probation revocation fine. In addition, the court imposed a $300 restitution fine pursuant to section 1202.45, but suspended payment of that fine subject to parole or postrelease supervision revocation proceedings.

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

---

[6] That case is not before us on this appeal.

## FACTS[7]

On the night of June 16, 2018, deputies were dispatched to a residential property regarding suspicious circumstances. There, they contacted defendant and another man. A rifle was found in plain view on the rear passenger floorboard of defendant's truck.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter dated February 26, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

**7** The facts are derived from the probation officer's report, which summarized the offense reports that furnished the factual basis for defendant's plea.

Defendant filed a motion for return of property, ostensibly concerning the firearm seized in this case. The facts asserted therein (including the date the gun was seized and the type of firearm) do not — contrary to the facts set out in the probation report — comport with the allegations contained in count 1 of the complaint.